Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
420 Lexington Avenue
Suite 2743
New York, New York 10170
Telephone: (212) 300-5358
Facsimile: (888) 265-7054

*Attorneys for Plaintiff YESH MUSIC, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
YESH MUSIC, LLC,                              :       Case No.: 14-cv-4610
                                              :
                Plaintiff,                    :       COMPLAINT FOR
        vs.                                   :       DAMAGES FOR COPYRIGHT
                                              :       INFRINGEMENT
BEATS MUSIC, LLC,                             :
                                              :       JURY TRIAL DEMANDED
                Defendant.                    :
                                              :       **ECF CASE**
---------------------------------------------------------------x

     Plaintiff YESH MUSIC, LLC by and through its attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against BEATS MUSIC, LLC for permanent injunctive relief and damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §101, et seq. ("the Copyright Act").

     As described in more detail below, Defendant BEATS MUSIC, LLC has willfully infringed Plaintiff's one hundred and seven (107) registered copyrights identified in the registration certificates attached as **Exhibit A** hereto, and by this reference incorporated into this Complaint (the "Copyrighted Compositions"), by including Plaintiff's Copyrighted Compositions on its interactive subscription internet service without license or authority.

As a result, Plaintiff is entitled to actual damages or, in the alternative, statutory damages in the amount of $150,000 per infringement, but not less than $30,000 per infringement, as available under the law.

## PARTIES

1. Plaintiff Yesh Music, LLC ("YESH") is a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in, among other things, the business of music publishing and otherwise commercially exploiting the copyrighted sound recordings of the band *The American Dollar*.

2. Plaintiff is informed and believes, and on that basis avers, that Defendant Beats Music, LLC ("BEATS") is a corporation duly organized and existing under the laws of the State of California with its principal place of business at 555 19th Street, San Francisco, California 94107-3149.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).

4. Personal jurisdiction over Defendant BEATS is proper in this Court, among other reasons, on the ground that BEATS, through its interactive web-based subscription service, caused the distribution of Plaintiff's Copyrighted Compositions throughout the State of New York, including within this Judicial District. Other wrongful conduct alleged herein, occurred, in part, in the State of New York and in this Judicial District.

5. The Court has personal jurisdiction over Defendant BEATS pursuant to CPLR § 302 (New York's long-arm statute) due to its continuous and systematic business activities within New York as described below.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

7. Copies of each Copyright Certification are annexed and incorporated hereto as **Exhibit A.**

## Applicable Facts

8. Plaintiff is the sole beneficial owner or all right title and interest in, and to, the following Copyrighted Compositions:

| Musical Composition | US Registration No. |
|---|---|
| A Few Words | SR0000713230 |
| A Few Words (Ambient) | SR0000713735 |
| A Long Goodbye (2005 Unreleased Bonus Track) | SR0000713763 |
| Age of Wonder | SR0000713231 |
| Age Of Wonder (Ambient) | SR0000713737 |
| Age of Wonder (Live) | SR0000677646 |
| Anything You Synthesize | SR0000713287 |
| Anything You Synthesize (Ambient) | SR0000713314 |
| As We Float | SR0000708480 |
| As We Float (Ambient) | SR0000708466 |
| Bump | SR0000713282 |
| Bump (Ambient) | SR0000713301 |
| Call | SR0000713281 |

| | |
|---|---|
| Cambian | SR0000708510 |
| Chase | SR0000713291 |
| Chillpoint Break | SR0000708528 |
| Circuits | SR0000713237 |
| Circuits (Ambient) | SR0000713745 |
| Clones | SR0000713238 |
| Clones (Live) | SR0000677646 |
| Crossing Asia | SR0000708486 |
| Crossing Asia (Ambient) | SR0000708465 |
| Daytrip | SR0000708497 |
| DEA | SR0000713226 |
| DEA (Ambient) | SR0000713303 |
| Equinox | SR0000713239 |
| Equinox (Ambient) | SR0000713747 |
| Escapist | SR0000713278 |
| Ether Channels | SR0000708489 |
| Ether Channels (Ambient) | SR0000708538 |
| Everyone Gets Shot | SR0000708504 |
| Faces In The Haze | SR0000708492 |
| Faces in the Haze (Ambient) | SR0000708494 |
| Faces in the Haze (Film Edit) | SR0000708458 |
| Fade In Out | SR0000713232 |
| Fade In Out (Ambient) | SR0000713739 |
| Fade In Out (Live) | SR0000677646 |

| Far Adrift | SR0000708460 |
|---|---|
| First Day | SR0000708490 |
| First Day (Ambient) | SR0000708540 |
| Flood | SR0000713277 |
| Flood (Ambient) | SR0000713752 |
| Friends of Friends | SR0000708477 |
| Friends of Friends (Ambient) | SR0000708463 |
| Frontier Melt | SR0000713276 |
| Glow | SR0000708511 |
| Heavy Eyes Ignite | SR0000708491 |
| Heavy Eyes Ignite (Ambient) | SR0000708473 |
| Intermission | SR0000713283 |
| Intro | SR0000713290 |
| Landing | SR0000708547 |
| Landing (Ambient) | SR0000713756 |
| Lights Dim | SR0000713284 |
| Lights Dim (Ambient) | SR0000713321 |
| Long March | SR0000713217 |
| Near East (2010 Unreleased Bonus Track) | SR0000713764 |
| Near East (Ambient) | SR0000713755 |
| Oil and Water | SR0000713234 |
| Oil and Water (Ambient) | SR0000713743 |
| Oil and Water (Live) | SR0000677646 |
| Oracle | SR0000708475 |

| | |
|---|---|
| Oracle (Ambient) | SR0000708467 |
| Our Hearts Are Read | SR0000713286 |
| Palestine | SR0000713228 |
| Par Avion | SR0000708493 |
| Par Avion (Ambient) | SR0000708470 |
| Peterson | SR0000713220 |
| Raided By Waves | SR0000713227 |
| Red Letter | SR0000713235 |
| Red Letter (Ambient) | SR0000713746 |
| Rudiments of A Spiritual Life | SR0000708503 |
| Rudiments of a Spiritual Life (Ambient) | SR0000713307 |
| Rudiments of A Spiritual Life (Live) | SR0000677646 |
| Sands | SR0000708461 |
| Schipol | SR0000708548 |
| Second Sight | SR0000713241 |
| Second Sight (Ambient) | SR0000713749 |
| Second Sight (Live) | SR0000677646 |
| Separate But Equal | SR0000713218 |
| Shadows | SR0000713233 |
| Shadows (Ambient) | SR0000713740 |
| Signaling Through The Flames | SR0000708500 |
| Signaling Through The Flames (Ambient) | SR0000713308 |
| Signaling Through The Flames (Film Edit) | SR0000713318 |
| Somnambulance | SR0000708508 |

| | |
|---|---|
| Starscapes | SR0000713289 |
| Starscapes (Ambient) | SR0000713297 |
| Steeltown (Ambient) | SR0000708541 |
| Steeltown (Part One) | SR0000708536 |
| Steeltown (Part Two) | SR0000708488 |
| Strings | SR0000708487 |
| Strings (Ambient) | SR0000708472 |
| Summer Of War | SR0000713225 |
| Supernova Landslide | SR0000713223 |
| The Slow Wait (Part 1) | SR0000713279 |
| The Slow Wait (Part 1) (Ambient) | SR0000713311 |
| The Slow Wait (Part 2) | SR0000713280 |
| The Slow Wait (Part 2) (Ambient) | SR0000713313 |
| The Slow Wait (Part One) (Live) | SR0000677646 |
| The Slow Wait (Part Two) (Live) | SR0000677646 |
| The Swamp | SR0000713222 |
| The Technicolour Sleep | SR0000708501 |
| Thompson | SR0000713221 |
| Time | SR0000713224 |
| Time (Ambient) | SR0000713315 |
| Time (Film Edit) | SR0000713319 |
| Tonight, Let's All Make Love In London | SR0000708499 |
| Transcendence | SR0000713285 |
| Transcendence (Ambient) | SR0000713316 |

| | |
|---|---|
| Twelve Days Awake | SR0000708514 |
| Underground | SR0000708457 |
| Urbana | SR0000708478 |
| Urbana (Ambient) | SR0000708464 |
| War On Christmas | SR0000708513 |
| We're Hitting Everything | SR0000713288 |
| Where We Are | SR0000708549 |
| Where We Are (Ambient) | SR0000713759 |
| We're Hitting Everything (Ambient) | SR0000713305 |

9. Mr. Richard Cupolo and Mr. John Emanuele, the individuals who owned the master recordings of the Copyrighted Compositions as well as the copyrights in and to the underlying musical compositions, assigned all right, title and interest to each copyrighted work to Plaintiff, and said assignments were duly recorded within the United States Copyright Office.

10. As **Exhibit A** to this Complaint demonstrates, Plaintiff has complied with all laws pertinent to the Copyrighted Compositions as a copyrighted work and, in particular, has applied for and received the Certificates of Copyright Registration from the Register of Copyrights for the Copyrighted Compositions.

11. Upon information and belief, Defendant BEATS is in the business of, among other things, offering an interactive subscription music service over the internet. Upon information and belief, Defendant BEATS has been, and now is, directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of Plaintiff's Copyrighted Compositions, by, among other things, making the Copyrighted Compositions available for unlawful and unauthorized digital download and distribution and/or

performance to the public, including at least the (www.beatsmusic.com) website, to distribute music over the internet. Defendant BEATS is thus liable for infringement of Plaintiff's exclusive rights to the Copyrighted Compositions pursuant to 17 U.S.C. §§ 101 et seq.

### The Infringement

12.  Pursuant to Plaintiff's agreement with TuneCore, Plaintiff checks a box that says "Deliver Here" which guarantees nothing but an audition with the selected digital store. MediaNet Music was one of the "selected stores" chosen by Plaintiff to be sent the master audition recordings of the Copyrighted Compositions.

13.  MeduaNet describes itself as follows:

"MediaNet is a leading digital service provider that back-ends branded music stores for other companies. As a B2B platform, MediaNet powers partner services including MOG*, Songza, iMesh and Pasito Tunes (La Curacao) plus more, aggregating multiple retailers and online music services under one single distribution point. For a full list of MediaNet powered services, please click here.

Note: MOG Music, part of the MediaNet music network, has become Beats Music. If you've previously distributed to Medianet, your music will automatically transition over to Beats Music when it launches."

14.  TuneCore sent the master audition recordings of the Copyrighted Compositions to MediaNet Music to be cataloged and disseminated to interactive or on-demand streaming services such as that offered by BEATS formerly known as MOG through its website located at <www.beatsmusic.com>.

15.  Defendant BEATS describes itself as follows

"Beats Music is a new kind of streaming music service that focuses on providing a personalized music experience for each user through a unique blend of digital innovation and musical passion.

 Programmed by a trusted team of well-respected music experts with over 300 years of experience across all genres, Beats Music delivers the right music for any situation, any time, and any preference, personalized to your tastes. The result is an artist-friendly

9

digital music service that does more than simply offer access to music, but one that establishes an emotional connection to it as well."

16. After receipt of the master audition recordings, Defendant BEATS may elect to exploit the masters, or reject the sound recordings due to "technical or editorial specifications."

17. As an interactive service under 17 U.S.C. § 114(j)(7) of the Copyright Act, once Defendant BEATS elected to exploit the master recordings, it was obligated to obtain licenses from Plaintiff to perform and distribute both the musical work and the sound recording for each of the Copyrighted Compositions pursuant to 17 U.S.C. §§ 106(4) and 114(d)(3)(C) (2006).

18. Defendant BEATS did elect to exploit the sound recordings of the Copyrighted Compositions, but elected to do so with no license or authority. Attached as **Exhibit B** is a chart of the interactive streams for each of the Copyrighted Compositions through Defendant's interactive subscription service.

19. Defendant BEATS has purportedly obtained blanket licenses from ASCAP for the performance of the musical works, it has failed to obtain mechanical licenses under 17 U.S.C.§ 115 for the distribution of the musical works.

20. Defendant BEATS failed to obtain any license for the public performance of the sound recordings of the Copyrighted Compositions from Plaintiff. Both of these failures constitute an infringement of Plaintiff's exclusive distribution and reproduction rights, as provided for in 17 U.S.C. §§ 106(1) and (3) of the Copyright Act.

21. On June 20, 2014, Richard Cuploo, one of the artists in the band The American Dollar and a principal of the Plaintiff, sent an e-mail to beats notifying Defendant that it did not have the requisite rights.

> this is Rich Cupolo from Yesh Music LLC, representing the works of The American Dollar. We have no record of issuing a mechanical license or master-side public

10

performance license to Beats/MediaNet for any of our works on your service. Does your company have these licenses for any of our songs, and if so, can you please provide them to us? Thanks,

22. By e-mail sent on July 1, 2014, Zoe Gholson of BEATS, stated:

"Hey Rich, our content ops team will be reaching out to you shortly to follow up."

23. On July 9, 2014, David Yaeger of BEATS replied:

"Hi Rich,

Your content was delivered to us via your distributor, Tunecore. If you have questions please contact them. I'm not sure of the agreement you signed with them."

24. TuneCore, by e-mail to Richard Cupolo, has unequivocally represented that it did not, and, in fact, cannot, convey the mechanical copyrights to BEATS.

25. Beats failed to adequately respond or take the Copyrighted Compositions off its service.

26. On July 24, 2014, Defendant BEATS was contacted, through counsel for the Plaintiff, and notified by letter that it did not have the authority to distribute Plaintiff's Copyrighted Compositions.

27. On July 31, 2014, Defendant BEATS acknowledged receipt notice from Plaintiff. Defendant BEATS elected to keep the Copyrighted Compositions available despite notice.

28. On August 1, 2014, counsel for BEATS stated the company obtained its rights through TuneCore, and later stated it was through another third-party vendor.

29. That third-party vendor being the Harry Fox Agency.

30. Plaintiff has no relationship with The Harry Fox Agency, and that entity cannot convey the requisite mechanical copyrights to the Copyrighted Compositions.

31. Additionally, at no time has BEATS served a Notice of Intent for a Compulsory Copyright.

32. As of the date of this Complaint, August 1, 2014, the Copyrighted Compositions are available on defendant's service.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

33. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

34. Defendant has without authority from Plaintiff, reproduced and publicly performed and/or publicly distributed sound recordings embodying Plaintiff's Copyrighted Compositions through its interactive web-based subscription streaming service.

35. Even after several notices, Defendant has elected to continue to reproduce and publicly perform and/or publicly distribute sound recordings embodying Plaintiff's Copyrighted Compositions through its subscription service.

36. The foregoing conduct of Defendant, was, and is, willful and malicious and constitutes intentional copyright infringement in violation of 17 U.S.C. §§ 106, 115 and 501.

37. As a direct and proximate result of each of the Defendant's infringement, Plaintiff has incurred damages, as described more fully above. Therefore, Plaintiff is entitled to recover the actual damages suffered by it as a result of the infringement, and any profits of the Defendant that are attributable to the infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. § 504(b), or, in the alternative, statutory damages for willful infringement in the amount of $150,000, but no less than $30,000, for each infringement of each copyright registration identified in Schedule A, as available under the law.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

38. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

39. An infringement of Plaintiff's rights in the Copyrighted Compositions occurs each and every time Defendant, without authority from Plaintiff, causes a data file containing the Copyrighted Compositions to be stored or uploaded on any third-party website for viewing by users of the Internet.

40. An infringement of Plaintiff's rights in and to the Copyrighted Compositions occurred each time a third party, as a result of Defendant's inducement, encouragement and/or assistance, made derivative works from the Copyrighted Composition.

41. Such an infringement is intentionally induced, facilitated, encouraged and made possible by Defendant.

42. Through its conduct as averred in this Complaint, Defendant has engaged and continues to engage in the business of knowingly and systematically inducing, causing and materially contributing to the unauthorized reproduction, and/or public performance and/or public distribution of copies of the Copyrighted Compositions and thus to the infringement of Plaintiff's copyrights in and to the Copyrighted Compositions.

43. The foregoing acts of infringement by Defendant are willful, intentional and purposeful, in disregard of, and in indifference to, Plaintiff's rights.

44. Defendant's conduct, as averred in this Complaint, constitutes contributory infringement of Plaintiff's copyrights in violation of Sections 106, 115 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 115 and 501.

45. As a direct and proximate result of the contributory infringements by Defendant, Plaintiff is entitled to compensatory and punitive damages and Defendants' profits pursuant to 17 U.S.C. 504(b) for each separate act of infringement in an amount to be determined.

46. In the alternative, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, but not less than $30,000, with respect to each infringement as available under the law.

47. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF
## PERMANENT INJUNCTION

48. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

49. Defendant's conduct, as averred in this Complaint, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

50. Plaintiff has no adequate remedy at law.

51. Pursuant to 17 U.S.C. § 502, Plaintiff, and each of them, is entitled to a permanent injunction prohibiting further infringements of Plaintiff's copyrights by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. On Plaintiff's First Claim for Relief, Plaintiff is entitled to recover the actual damages suffered by it as a result of the infringement, and any profits of the

        Defendant that are attributable to the infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. § 504(b).

B.    Plaintiff be allowed to establish Defendant's gross revenue, and the Defendant be required to prove its deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

C.    In the alternative, Plaintiff demands statutory damages in the amount of $150,000 per infringement for each Copyright Registration identified in the annexed **Exhibit A**, but in no case less than $30,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

D.    A permanent injunction prohibiting further infringements of Plaintiffs' copyrights by Defendants;

E.    For prejudgment interest according to law;

F.    For Plaintiff's attorneys' fees costs and disbursements in this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117; and,

**G.**    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: August 1, 2014                                                     **GARBARINI FITZGERALD P.C.**

                                                                                                                     By: /s/ Richard M. Garbarini
                                                                                                           Richard M. Garbarini
                                                                                                           Richard M. Garbarini (RG 5496)
                                                                                                           420 Lexington Avenue
                                                                                                           Suite 2743
                                                                                                           New York, New York 10170
                                                                                                          Telephone: (212) 300-5358

15

Facsimile: (888) 265-7054
*Attorneys for Plaintiff*